# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**CHARLES A. WINSTON**                                                                               **PLAINTIFF**

**v.**                          **Case No. 5:16-cv-252-KGB-PSH**

**CORRECT CARE SOLUTIONS LLC,** *et al.*                                  **DEFENDANTS**

## ORDER

The Court has received and reviewed the Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia Harris (Dkt. No. 62). Plaintiff Charles A. Winston has filed an objection to the Recommendation (Dkt. No. 64). After careful consideration of the Recommendation, Mr. Winston's timely objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Winston's objections. Mr. Winston takes issue with the recommendation that defendants' motion for judgment on the pleadings be granted. Mr. Winston states that he properly amended his complaint and thus argues that he corrected the omission of Correct Care, LLC, from the complaint. However, Judge Harris denied Mr. Winston's motions to amend on the ground that "both motions to amend/correct deal with issues unrelated to Winston's imminent danger claim." (Dkt. No. 63, at 1). Judge Harris reasoned that, "[i]n the first motion to amend/correct, Winston alleges Correct Care Solutions ("CCS") has a policy of taking away prescriptions, including prescriptions for canes and orthopedic shoes, and in his second motion to amend/correct Winston seeks to add a state law claim for medical malpractice." (*Id.*, at n. 1). This Court agrees that, even if timely and proper, Mr. Winston's motions to amend do not

relate to any claim of imminent danger. Therefore, the Court adopts Judge Harris's Recommendation.

Mr. Winston next contends that Judge Harris erred in recommending the severance of non-imminent danger claims/parties. Mr. Winston argues that the defendants presented false and misleading information to the Court. Mr. Winston proceeds to provide information about various medical providers involved in this action. This Court is unclear as to whether Mr. Winston presents new information or restates information already before Judge Harris when she made her determination. Regardless, given the nature of Mr. Winston's claims, Judge Harris did not err in recommending the severance of non-imminent danger claims/parties. The information Mr. Winston presents, even if new information, does not change that analysis. This Court adopts the Recommendation.

It is therefore ordered that:

1. Mr. Winston's motion for preliminary injunction and temporary restraining order is denied (Dkt. No. 42).

2. Correct Care Solutions, LLC's motion for judgment on the pleadings is granted (Dkt. No. 43).

3. The defendants' motion to sever is granted (Dkt. No. 47).

4. Defendants Griswold, Stratton, King, Clowers, Capps, Scroggins, and Stieve are hereby dismissed without prejudice as defendants from this action.

5. Mr. Winston's motion to voluntarily dismiss defendant King is granted (Dkt. No. 53).

So ordered this 24th day of August, 2017.

_____
Kristine G. Baker
United States District Judge