# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**CHARLES A. WINSTON**                                               **PLAINTIFF**
**ADC #84733**

**v.**                              **Case No. 5:16-cv-00252-KGB-PSH**

**ESTELLA BLAND,** *et al.*                                          **DEFENDANTS**

## ORDER

The Court has received and reviewed the Findings and Partial Recommendation ("Partial Recommendation") submitted by United States Magistrate Judge Patricia Harris (Dkt. No. 94). Plaintiff Charles A. Winston filed an objection to the Partial Recommendation (Dkt. No. 105). Mr. Winston's objections were untimely filed, but this Court will consider the objections. After careful consideration of the Partial Recommendation, Mr. Winston's untimely objections, and a *de novo* review of the record, the Court concludes that the Partial Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects. Furthermore, Mr. Winston filed a motion for ruling, which the Court grants (Dkt. No. 106).

Mr. Winston's sole objection is that he exhausted his claims against separate defendant Dr. Ronald Stukey (Dkt. No. 105). He does not address the other determinations in the Partial Recommendation. The Court finds that Mr. Winston failed to exhaust his claims against Dr. Stukey. Mr. Winston is incarcerated by the Arkansas Department of Correction ("ADC"), and ADC's procedures, rather than federal law, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Mr. Winston mentioned Dr. Stukey in two grievances: Grievance VSM 16-1642 and Grievance VSM 16-2155 (Dkt. Nos. 86-1, at 38; 90, at 8). With regard to Grievance VSM 16-1642, Mr. Winston only mentioned Dr. Stukey in the appeal of that grievance (*see* Dkt No. 86-1, at 38, 45). Per ADC's grievance policy, when an inmate appeals a grievance decision, inmates

cannot "list additional issues, requests[,] and/or names, which were not a part of the original grievance." (Dkt. No. 86-1, at 13). Accordingly, to the extent Mr. Winston stated a claim against Dr. Stukey in Grievance VSM 16-1642, Mr. Winston failed to exhaust that claim.

As to Grievance VSM 16-2155, Mr. Winston appealed the initial denial of this grievance, but he filed the complaint in this action before he received a final decision in that appeal. Specifically, Mr. Winston filed his complaint on August 8, 2016 (Dkt. No. 2), but prison officials decided the appeal of Grievance VSM 16-2155 on September 27, 2016 (Dkt. No. 90, at 8). Per ADC's grievance policy, an inmate "must exhaust their administrative remedies as to all defendants *at all levels* of the grievance procedure *before* filing a Section 1983 lawsuit . . . ." (Dkt. No. 86-1, at 19 (emphasis added)). Since Mr. Winston did not exhaust any claims in Grievance VSM 16-2155 before filing the present action, the Court finds that he is not allowed to pursue any claims stated in Grievance VSM 16-2155. In sum, Mr. Winston did not exhaust any claims against Dr. Stukey before he filed this action.

It is therefore ordered that:

1.      Defendants' motion for partial summary judgment is granted (Dkt. No. 84).

2.      The Court grants Mr. Winston's motion for ruling (Dkt. No. 106).

3.      Mr. Winston may proceed with his claims against Dr. Steven Stringfellow, though only to the extent such claims arise out of the treatment Mr. Winston received on April 11, 2016, and June 20, 2016.

4.      Mr. Winston may proceed with his claims against Estella Bland, though only to the extent such claims arise from his encounter with Ms. Bland on April 29, 2016.

5.      The Court dismisses without prejudice Mr. Winston's claims against defendants Jason Kelley, Dr. Stukey, and Kayla Hargrave.

6.        The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this the 17th day of September, 2018.

Kristine G. Baker
United States District Judge