IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES A. WINSTON                                                                                           PLAINTIFF

v.                              No. 5:16-cv-00252 KGB-PSH

ESTELLA BLAND and
DR. STEVEN STRINGFELLOW                                                                            DEFENDANTS

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Charles A. Winston filed a complaint pursuant to 42 U.S.C. § 1983 on August 8, 2016, alleging that defendants denied him adequate medical care while he was incarcerated at the Arkansas Department of Corrections' Varner Unit in 2016. Doc. No. 2. On December 6, 2018, defendants Estella Bland and Steven Stringfellow filed a Suggestion of Death notifying the Court and the parties in the case that Winston died on or about November 5, 2018. *See* Doc. No. 112.

Federal Rule of Civil Procedure ("FRCP") 25(a)(1) provides that following the death of a party, an action must be dismissed if a motion to substitute the party is not filed within 90 days after service of a statement noting the death. A statement noting the death of a party must be

served on parties as provided in FRCP 5 and on nonparties as provided in FRCP 4. Fed. R. Civ. P. 25(a)(3).

In this case, the defendants filed a Suggestion of Death with the Clerk of Court and served it upon the parties in the case in accordance with FRCP 5. The Court is aware of no nonparties entitled to service. The service provided by defendants is sufficient for the Court to dismiss the case in the absence of a timely motion for substitution pursuant to FRCP 25(a)(1). *See e.g.*, *Chobot v. Flowers*, 169 F.R.D. 263, 266 (1996); *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973). Accordingly, since more than 90 days have passed since the Suggestion of Death was filed and served, and no motion to substitute a party for Winston has been filed, it is recommended that this case be dismissed without prejudice.

DATED this 13th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE